IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VIDEO AND SOUND SERVICE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 7322 |
| | ) | |
| AMAG TECHNOLOGY, INC., and | ) | |
| INTRANSA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

On August 13, 2012, plaintiff Video and Sound Service, Inc. ("VSS") filed a five-count Complaint against defendants AMAG Technology, Inc. ("AMAG") and Intransa, Inc. ("Intransa") in the Circuit Court of Cook County, Illinois, Law Division, alleging claims for breach of contract (Counts I and II), breach of warranty (Counts III and IV), and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count V). (Dkt. No. 3-1 ("Compl.").) AMAG thereafter removed the case to this federal district court on September 13, 2012, asserting that this court has subject-matter jurisdiction over VSS's claims pursuant to 28 U.S.C. § 1332(a).

Pending before the court is VSS's "Motion for Remand," alleging improper removal under 28 U.S.C. § 1446(b). (Dkt. No. 17). For the reasons set forth below VSS's motion for remand in denied.

BACKGROUND

Plaintiff VSS "is in the business of designing, installing and servicing integrated security management and control systems for commercial, industrial and government buildings." (Compl. ¶ 1.) As alleged in the Complaint,

> On or about June 14, 2010, VSS entered into a contract with Martel Construction, Inc. ("Martel") whereby VSS agreed to install a communication/security system at the Gallatin Airport ("Airport") located at 850 Gallatin Field Road, Belgrade, Montana 59714 ("Project"). In general terms, the Project consisted of the integration and installation of AMAG software and hardware onto an Intransa computer server ("AMAG/Instransa System").

(*Id.* ¶ 4.) In short, VSS alleges that the AMAG/Intransa System did not work and ultimately had to be replaced. VSS seeks damages for material costs, labor, parts, subcontracts, miscellaneous expenses, lost profits, and attorneys' fees.

On August 13, 2012, the same day VSS filed its Complaint in state court, counsel for VSS sent a file-stamped copy of the Complaint via email and overnight delivery to counsel for AMAG. The letter accompanying the Complaint stated, in relevant part, "Enclosed please find copies of the Summons and Complaint filed today on behalf of Video and Sound Service, Inc. and against AMAG Technology, Inc. and Intransa, Inc. Please advise us by August 20, 2012 if you will agree to accept service of the same on behalf of your clients." (Pl.'s Ex. A.) Counsel for AMAG responded via email on August 22, 2012, "I am in the process of hiring outside counsel. In the interim, I will accept service on behalf of AMAG Technology, Inc." (Pl.'s Ex. B.) VSS made no additional effort to serve AMAG with process. As noted above, AMAG filed its notice of removal on September 13, 2012.

VSS effected in-person service on Intransa on August 21, 2012. (Pl.'s Ex. C.) Intransa

2

filed its "Statement in Support of Removal" with this court on October 16, 2012, stating that it "consents to and joins in removal of this action to this Court" and "had consented to removal of this action as of the time of filing of the notice of removal by [AMAG]." (Dkt. No. 19.) This document was signed by Intransa's attorney. (*Id.*)

## LEGAL STANDARD

Pursuant to statute, a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). Despite the plain language of the statute, the Supreme Court has held that the deadline for filing a notice of removal is *not* triggered "by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).[1] Thus, the Supreme Court in *Murphy Brothers* rejected the plaintiff's argument that the 30-day deadline for removal ran from the date the plaintiff faxed a "courtesy copy" of a file-stamped complaint to the defendant's representative, before officially serving the defendant with service of process. *Id.* at 348.

Section 1446(b)(2) addresses removal in the context of multiple defendants, stating:

(A)  When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

(B)  Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

---

[1] Based on the legislative history of § 1446(b), the Supreme Court determined that the phrase "through service or otherwise" refers to State procedures in which the complaint is received by the defendant "after and apart from service of the summons." *Murphy Bros.*, 526 U.S. at 348.

3

    (C)  If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

28 U.S.C. § 1446(b)(2). The Seventh Circuit has required a co-defendant's consent to removal under § 1446(b)(2)(A) to be in writing. *See Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) ("[t]o 'join' a motion is to support it in writing"). Accordingly, there is a "defect in removal procedure" if the written consent of all defendants is lacking. *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997).

## ANALYSIS

  VSS is technically correct in arguing that "service by formal means is not required to start the running of the 30-day period to file a notice of removal." (Dkt. No. 28 ("Pl.'s Reply") at 2.) As the Supreme Court acknowledged in *Murphy Brothers*, formal service of process is not required if a defendant agrees to waive service. *See Murphy Bros.*, 526 U.S. at 350-51. This does not mean, however, that the procedural formalities surrounding waiver of service may be disregarded. In Illinois, requests for waiver of service are governed by statute. *See* 735 ILCS 5/2-213(a) ("The notice and request shall be in writing in a form prescribed by Supreme Court rule.") (setting forth additional provisions in (1)-(6)). It is undisputed that VSS did not formally request waiver of service in this case. Moreover, even if the parties were permitted to informally waive service of process without appearing before the court or filing a wavier of service with the court, the earliest date AMAG could possibly be viewed as having informally acquiesced to the state court's authority was August 22, 2012, when counsel for AMAG stated that he "will accept service on behalf of [AMAG]." (Pl.'s Ex. B.) AMAG's notice of removal was filed on September 13, 2012, well within 30 days of August 22, 2012. Accordingly, this court finds that

AMAG's notice of removal was timely filed in accordance with § 1446(b).

While AMAG stated in its notice of removal "that it has conferred with Intransa and that Intransa approves removal of the action," (Dkt. No. 3 ("Removal") ¶ 14), it is undisputed that the notice of removal was not signed by a representative of Intransa, and that no separate statement of consent on behalf of Intransa was filed in this court until October 16, 2012. To the extent this omission represents a "defect in removal procedure," *Gossmeyer*, 128 F.3d at 489, this court finds the defect to have been cured by Intransa's later-filed "Statement in Support of Removal." (Dkt. No. 19.) *See Northern Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982) ("even after the thirty days have elapsed, amendments to correct 'defective allegations of jurisdiction' are permitted"); *Benson v. LVNV Funding, LLC*, 2012 WL 699632, at *2 (S.D. Ill. Mar. 1, 2012) (Murphy, J.) (finding no "incurable" defect in notice of removal where co-defendant's written consent was filed more than thirty days after the removing defendant was served); *Ward v. Cohee*, No. 10-cv-1256, 2010 WL 4683947, at *2 (C.D. Ill. Nov. 4, 2010) (McDade, J.) (written confirmation of consent filed more than thirty days after notice of removal "is sufficient to fulfill the unanimity requirement such that the cause should not be remanded on procedural grounds"); *DeLuca v. Ligget & Myers, Inc.*, No. 00 C 7781, 2001 WL 629398, at *1 (N.D. Ill. May 24, 2010) (Kennelly, J.) (declining to remand on a "pointlessly formalistic basis" where co-defendant "ultimately expressed in no uncertain terms that it joined in and consented to the removal of this case, and had done so within the thirty day period").

## CONCLUSION

For the reasons set forth above, VSS's "Motion for Remand" (Dkt. No. 17) is denied. AMAG's

"Motion to Dismiss or Transfer" (Dkt. No. 6) and Intransa's "Motion to Dismiss/Transfer" (Dkt. No. 14) remain pending before the court. The court will rule electronically and set further dates as appropriate.

                ENTER:

                _____
                JAMES F. HOLDERMAN
                Chief Judge, United States District Court

Date:   December 19, 2012