IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VIDEO AND SOUND SERVICE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 7322 |
| | ) | |
| INTRANSA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

On August 13, 2012, plaintiff Video and Sound Service, Inc. ("VSS") filed a Complaint against defendants Intransa, Inc. ("Intransa") and AMAG Technology, Inc. ("AMAG") in the Circuit Court of Cook County, Illinois, Law Division. (Dkt. No. 3-1 ("Compl.").) VSS alleged claims for breach of contract and breach of warranty against both Intransa and AMAG, and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act against AMAG. (*Id.* ¶¶ 13–37.) On September 13, 2012, the case was removed to federal district court on diversity grounds. (Dkt. No. 3.) On January 29, 2013, AMAG was dismissed from the case. (Dkt. No. 38.)[1]

Pending before the court is a motion by Intransa seeking dismissal of the case pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue under 28 U.S.C. § 1391(b) or, alternatively, for transfer of the case to the United States District Court for the Central District of California under 28 U.S.C. § 1404(a). (Dkt. No. 14 ("Def.'s Mot.").) For the reasons set forth below, Intransa's motion is denied.

---

[1] In light of its dismissal from the case, AMAG's motion to dismiss for lack of jurisdiction (Dkt. No. 6) is moot.

1

BACKGROUND

Plaintiff VSS—an Illinois entity—designs, installs, and services security systems for governmental and commercial customers. (Compl. ¶ 1.) Intransa develops and sells storage solutions for security systems, including hard disk drives and related software. (Compl. ¶ 3; Dkt. No. 14-1 ("Def.'s Mem.") at 2.) AMAG designs, develops, manufactures, and sells hardware and software elements of integrated access control and security management systems. (Compl. ¶ 2; Def.'s Mem. at 2.) Both Intransa and AMAG are California-based companies. (Compl. ¶¶ 2, 3; Def.'s Mem. at 1.).

As alleged in its Complaint, VSS entered into a contract in June 2010 with Martel Construction Inc. ("Martel") in which VSS agreed to install a communication/security system at the Bozeman Yellowstone International Airport ("the Bozeman System"). (Compl. ¶ 4.)

VSS contacted AMAG and Intransa in 2011, forming oral agreements with both companies. (*Id.* ¶¶ 5, 6.) The Bozeman System required integration and installation of AMAG's software and hardware onto an Intransa computer server. (*Id.* ¶ 4.)

Intransa's and AMAG's products were integrated and tested in California. (Compl. ¶ 7; Dkt. No. 14-2 ("Broomhead Decl.") ¶ 7.) After testing the products, Intransa shipped them directly to Bozeman, Montana. (Compl. ¶ 7; Broomhead Decl. ¶ 8.) Intransa also shipped an end user license agreement with its software, which specified that California law would govern any dispute about the relevant products. (Dkt. No. 14-2, Ex. B ("Licensing Agreement") at 7.)

VSS alleges that the Bozeman System did not work and had to be replaced. (Compl. ¶¶ 9–10.) VSS sent letters seeking reimbursement from Intransa before filing suit. (*See* Dkt. No. 3-1, at 39, 41.) Intransa has thus far refused to pay. (*Id.*, at 47.) VSS seeks damages for material costs, labor, parts, subcontracts, miscellaneous expenses, and lost profits. (Compl. ¶¶ 19, 30.)

ANALYSIS

The court first addresses Intransa's motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3). Because, as explained below, the court finds venue to be proper in the Northern District of Illinois, the court also considers Intransa's alternative argument that the case should be transferred to the Central District of California.

I.  Proper Venue in the Northern District of Illinois

In the context of a defendant's motion to dismiss for improper venue, the plaintiff bears the burden of proving that venue is proper. *See Nathan v. Morgan Stanley Renewable Dev. Fund, LLC*, No. 11-cv-2231, 2012 WL 1886440, at *11 (N.D. Ill. May 22, 2012) (Lefkow, J.) (citing *Interlease Aviation Invs. II (Aloha) LLC. v. Vanguard Airlines, Inc.*, 262 F. Supp. 2d 898, 913 (N.D. Ill. 2003) (Alesia, J.)). In making this determination, a "court may examine facts outside the complaint . . . ." *First Health Grp. Corp. v. Sanderson Farms, Inc.*, No. 99-cv-2926, 2000 WL 139474, at *2 (N.D. Ill. Jan. 31, 2000) (Manning, J.) (citations omitted).

VSS alleges venue in the Northern District of Illinois under 28 U.S.C. § 1391(a)(2), which states that venue is appropriate for a diversity action in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." (*See* Dkt. No. 21 ("Pl.'s Resp.") at 2.) Venue in a removed case is governed by 28 U.S.C. § 1441(a), however, not by § 1391. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953) ("The venue of removed actions is governed by 28 U.S.C. § 1441(a) . . . ."). Pursuant to § 1441, venue of a removed action is proper in "the district court of the United States for the district and division embracing the place where such action is pending." § 1441(a); *see also Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.*, 200 F. Supp. 2d 941, 945 (N.D. Ill. 2002) (Castillo, J.) ("Although the Seventh Circuit has not determined whether § 1391 or § 1441 applies to the

venue of removed actions, courts in the Northern District of Illinois have applied § 1441 to analyze the venue of removed actions.") (collecting cases).

Because this action was brought in Cook County—and because the Northern District of Illinois "embrac[es]" Cook County—venue is proper in this court. *See Wright v. UDL Labs., Inc.*, No. 10-cv-4610, 2011 WL 760067, at *2 (N.D. Ill. 2011) (Dow, J.) ("Venue is proper in this Court because the case was removed to this Court from the Circuit Court of Cook County."); *Cleary v. Sterenbuch*, No. 01-cv-5109, 2001 WL 1035285, at *2 (N.D. Ill. 2001) (Conlon, J.) ("[Defendant] removed this action to federal court from the Circuit Court of Cook County, Illinois. Therefore, this court is the proper venue.").

II.  Transfer to Central District of California

Because Intransa's motion to dismiss for improper venue is denied, its motion to transfer is appropriately considered. Transfer in the federal courts is governed by 28 U.S.C. § 1404, which states, in relevant part, that "a district court may transfer any civil action to any other district or division where it might have been brought" (1) for the convenience of parties and witnesses and (2) in the interest of justice. 28 U.S.C. § 1404(a). The task of weighing factors for and against transfer "necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (citations omitted); *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (citations omitted).

In contrast to the motion to dismiss, the burden on a motion to transfer is on the movant—here, Intransa—to prove why the two § 1404 prongs militate in favor of transfer. *See Coffey*, 796 F.2d at 219–20. "When deciding a motion to transfer venue, the court must accept as true all of plaintiff's well-pleaded facts in the complaint, unless they are contradicted by

4

affidavits or other appropriate evidence from the defendant." *China Indus. (USA), Inc. v. New Holland Tire, Inc.*, No. 05-cv-6734, 2006 WL 2290975, at *2 (N.D. Ill. Aug. 7, 2006) (Holderman, C.J.).

Instransa argues that this case should be transferred to the Central District of California, but it has failed to support this argument with appropriate or relevant evidence. Intransa's CEO, Rodgers C. Broomhead, states in his declaration that Intransa's "principal offices [are] located at 10710 N Tantau Avenue, Cupertino, CA 95014 USA" and that "Intransa has no other corporate offices." (Broomhead Decl. ¶ 5.) Cupertino falls within Santa Clara County, however, which is located in the Northern District of California, not the Central District of California. *See* Jurisdiction Map, U.S. District Court, N.D. Cal., http://www.cand.uscourts.gov/jurisdictionmap. Broomhead further states that "[a]ll of Intransa's witnesses and evidence that it intends to use in this action are located in California," but he does not indicate the specific district in which these sources of evidence are located. (Broomhead Decl. ¶ 12; *see also* Def.'s Mem. at 5.) The court is left with the inference that these individuals and documents are likely located in the Northern District of California, at Intransa's Cupertino headquarters.

While Intransa argues, correctly, that many of the activities at issue in this litigation occurred within the State of California, the Complaint specifically mentions only one activity involving Intransa which occurred in the Central District of California—the testing of the Bozeman System in the presence of an Intransa technician. (Compl. ¶ 7.)

Section 1404(a)'s language is directed not at States, but at districts where actions might have been brought. *See* § 1404(a) ("[A] district court may transfer any civil action to any other *district* or *division* where it might have been brought . . . .") (emphases added). The language of the statute therefore necessarily contemplates a distinction between activities that happen within

5

a particular state and activities that happen within a particular district. After reviewing the allegations of the Complaint and the declaration of Rodgers C. Broomhead, the court finds that Intransa has failed to carry its burden to show why transfer to the Central District of California is appropriate.

For the reasons stated above, "Intransa, Inc.'s Motion to Dismiss/Transfer" (Dkt. No. 14) is denied, and this case shall remain in the Northern District of Illinois for all further proceedings. Intransa's answer is due on or before 4/26/13. Counsel are requested to meet pursuant to Rule 26(f) and jointly file a Form 52 on or before 5/3/13. This case is set for a report on status and entry of a scheduling order on 5/9/13 at 9:00 a.m. Previously-dismissed defendant AMAG's motion to dismiss for lack of jurisdiction (Dkt. No. 6) is denied as moot. The remaining parties are encouraged to discuss settlement.

ENTER:

JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: April 12, 2013