UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS DISTRICT
EASTERN DIVISION

| | |
|---|---|
| VIDEO AND SOUND SERVICE, INC., an Illinois corporation, <br><br> Plaintiff, <br><br> v. <br><br> AMAG TECHNOLOGY, INC., a California corporation and INTRANSA, INC., a California corporation, <br><br> Defendants. | No.: 1:12-CV-07322 <br><br> Chief Judge James F. Holderman <br><br> Mag. Judge Sidney I. Schenkier |

## PLAINTIFF'S MOTION FOR JUDGMENT AGAINST DEFENDANT INTRANSA, INC.

Plaintiff, Video and Sound Service, Inc. ("VSS") by its attorneys, Davis McGrath LLC, moves for a Judgment against Defendant, Intransa, Inc. ("Intransa") and further states as follows:

### PROCEDURAL HISTORY

1. On June 6, 2013 an order of default was entered against Intransa for failure to file a Substitute Appearance and an Answer to the Complaint. (ECF No. 45).

### FACTS

2. On or about June 14, 2010, VSS entered into a contract with Martel Construction, Inc. ("Martel") whereby VSS agreed to install a communication/security system at the Gallatin Airport ("Airport") located at 850 Gallatin Field Road, Belgrade, Montana 59714 ("Project"). See Affidavit of Victor Severino attached hereto as Exhibit 1, ¶4. In general terms, the Project consisted of the integration and installation of AMAG software and hardware onto an Intransa computer server ("AMAG/Intransa System"). (Ex. 1, ¶4).

3. On or about April 29, 2011, VSS and Intransa entered into an oral agreement wherein Intransa was to supply the computer server for the Project. (Ex. 1, ¶5). The oral agreement was memorialized by Purchase Order dated April 29, 2011 (the "Intransa Purchase Order"). (Ex. 1, ¶5). The total cost of the Intransa materials including shipping costs was $83,108.11. (Ex. 1, ¶5).

4. The AMAG/Intransa System was physically installed at the Airport in June 2011 by Intransa. (Ex. 1, ¶6).

5. Subsequent to the June 2011 install, Martel and the Bozeman Airport Authority ("Authority) reported problems with the AMAG/Intransa System to VSS. (Ex. 1, ¶7). Numerous attempts by VSS and Intransa to remedy the problems with the AMAG/Intransa System were not successful. (Ex. 1, ¶7).

6. The costs incurred by VSS related to Intransa's breach and the failed AMAG/Intransa System, unsuccessful attempts to remedy the same and replace the same (excluding Intransa and AMAG replacement materials) include $83,108.11 for Intransa materials, $115,053.55 for labor, $7,786.50 for additional materials, $2,941.53 for subcontractors and $32,007.95 for miscellaneous expenses for a total amount of $240,897.64 as of August 13, 2012. (Ex. 1, ¶11).

7. As a result of Intransa's breach and the AMAG/Intransa System failures, on or about March 2, 2012, VSS was directed by Martel and the Authority to remove and replace the AMAG/Intransa System. (Ex. 1, ¶8). VSS notified Intransa of the same, terminated the Intransa Agreement and demanded that Intransa reimburse VSS for all costs associated with the installation of the AMAG/Intransa System. (Ex. 1, ¶8).

8. VSS also revoked its acceptance of the AMAG/Intransa System, rescinded the Intransa Agreement, notified Intransa that they had breached their warranties relating to the AMAG/Intransa System and requested Intransa to accept the return of their materials for the Project. (Ex. 1, ¶9).

## LEGAL ARGUMENT

### Breach of Contract

9. To succeed on a claim for breach of contract, a plaintiff must plead and prove the existence of a contract, the performance of its conditions by the plaintiff, a breach by the defendant, and damages as a result of the breach. *Nuccio v. Chicago Commodities, Inc.*, 257 Ill.App.3d 437, 443, 628 N.E.2d 1134, 1139 (1st Dist. 1993). Generally, damages to which a party is entitled are such as arise naturally from the breach itself, or those which may reasonably be supposed to have been within the contemplation of the parties at the time the contract was made. *Madigan Brothers, Inc. v. Melrose Shopping Center Company*, 198 Ill.App.3d 1083, 1089, 556 N.E.2d 730, 734 (1st Dist. 1990).

10. Under the Uniform Commercial Code ("UCC"), if a seller breaches a contract, the buyer may cancel and recover the amount of money that it has already paid the seller. 810 ILCS 5/2-711(1). The buyer is also entitled to "cover" under UCC §2-712; that is, the buyer may substitute the goods in a reasonable time at a reasonable price and sue for the difference in the price as well as consequential damages, less any savings due to the seller's breach. 810 ILCS 5/2-711(1).

11. The parties entered into an oral agreement for the sale of one computer server from Intransa to VSS and that agreement was memorialized by the Purchase Order dated April 29, 2011 (the "Intransa Purchase Order"). (Ex. 1, ¶5).

12. VSS performed all of its obligations under the Intransa Purchase Order. (Ex. 1, ¶13).

13. Intransa breached the Intransa Purchase Order by failing to deliver and install a fully functioning AMAG/Intransa System and reimburse Plaintiff for all costs associated with said failure. (Ex. 1, ¶7,12).

14. The damages incurred by VSS related to Intransa's breach, the unsuccessful attempts to remedy the same and recoverable replacement costs total $240,897.64 as of August 13, 2012. (Ex. 1, ¶11).

### Breach of Warranty

15. To recover under a breach of implied warranty of merchantability theory, a plaintiff must establish (1) a sale of goods, (2) that the seller of the goods is a merchant with respect to those goods, and (3) that the goods were not of merchantable quality. *Garcia v. Edgewater Hospital*, 244 Ill.App.3d 894, 902, 613 N.E.2d 1243, 1249 (1st Dist. 1993), citing *Malawy v. Richards Manufacturing Co.*, 150 Ill.App.3d 549, 558, 501 N.E.2d 376 (1986). "Goods" means all things, including specially manufactured goods, which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities and things in action. 810 ILCS 5/2-105(1).

16. Incidental damages resulting from a seller's breach include expenses reasonable incurred in inspection, receipt, transportation and care and custody of goods rightfully rejected, and commercially reasonable charges, expenses or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach. 810 ILCS 5/2-715(1). Consequential damages resulting from a seller's breach include (a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting

had reason to know and which could not reasonably be prevented by cover or otherwise. 810 ILCS 5/2-715(2)(a).

17. The computer hardware that Intransa sold to VSS pursuant to the Intransa Purchase Order is a good as defined by the UCC.

18. Intransa is a merchant of computer hardware. Intransa admits in its Memorandum of Law in Support of its Motion to Dismiss/Tansfer that it "develops and sells storage solutions for security systems, including hard disk drives and related software." (ECF No. 14, p2).

19. Intransa's computer hardware was not of merchantable quality because the AMAG/Intransa System did not work properly. The doors did not respond properly, card holders did not have proper access, security cameras were off-line and not recording and at least three server failures. (Ex. 1, ¶7).

20. The incidental and consequential damages incurred by VSS as a result of Intransa's breach of warranty total $240,897.64 of August 13, 2012. (Ex. 1, ¶11).

21. Judgment should be entered in favor of VSS and against Intransa in the amount of $240,897.64 as of August 13, 2012. A proposed judgment order is attached hereto as Exhibit 2 and will be submitted to Judge Holderman for consideration.

**WHEREFORE**, Plaintiff, Video and Sound Service, Inc., requests this Court to enter a Judgment in its favor and against Defendant, Intransa, Inc. in the amount of $240,897.64 as of

August 13, 2012 and for all further relief that this Court deems just and proper.

                                              Respectfully submitted,

                                              Video and Sound Service, Inc., Plaintiff

                                              By:   */s/ Jodi L. Flynn*
                                                       One of Its Attorneys

Gini S. Marziani (ARDC No. 3127421)
Jodi L. Flynn (ARDC No. 6230910 )
DAVIS McGRATH LLC
125 South Wacker Drive
Suite 1700
Chicago, Illinois 60606
(312) 332-3033